IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LAURA VARGAS,** | § | **CIVIL ACTION NO.** |
| *Plaintiff,* | § | |
| | § | 5:21-cv-01277 |
| **VS.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **UNITED STATES OF AMERICA,** | § | |
| *Defendant* | § | **TEXAS** |
| | § | |

---

**PLAINTIFF'S ORIGINAL COMPLAINT
– FEDERAL TORT CLAIMS ACT**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES LAURA VARGAS, hereinafter referred to by name or as **"Plaintiff,"** and complains of **THE UNITED STATES OF AMERICA**, hereinafter referred to by name or as **"Defendant,"** for the actions of its agency **THE UNITED STATES POSTAL SERVICE** and for the actions of **RYAN SHINGLER**, an employee of **THE UNITED STATES POSTAL SERVICE**, and for cause of action would respectfully show unto the Court as follows:

**I.**

**PARTIES AND SERVICE OF CITATION**

1.    Plaintiff **LAURA VARGAS** is an individual residing in the city of San Antonio, Bexar County, Texas, which lies within the boundaries of the Western District of Texas – San Antonio Division.

**PLAINTIFF'S ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT**                    1

2.      Defendant **THE UNITED STATES OF AMERICA** is a governmental entity.   The Defendant may be served with summons upon the Attorney General of the United States, Merrick Garland.  Attorney General Merrick Garland is the agent for service of process for Defendant, and is located at the United States Department of Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530.  The Defendant may be served via registered or certified mail.

3.      Defendant **THE UNITED STATES OF AMERICA** is a governmental entity.   The Defendant may be served with summons upon the agent for services of process for the United States Attorney for the Western District of Texas, Stephanie Rico.  Stephanie Rico is the agent for service of process for Defendant, and is located at 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216.

4.      The **UNITED STATES POSTAL SERVICE** is an agency of Defendant **THE UNITED STATES OF AMERICA**.  A courtesy copy of this complaint will be forwarded to the United States Postal Service Law Department, 1720 Market Street, Room 2400, St. Louis, Missouri 63155-9948.

5.      Plaintiff, upon filing, will send a certified copy of her complaint and summons to the civil process clerk for the United States Attorney's Office for the Western District of Texas and to the Attorney General.

6.      **THE UNITED STATES OF AMERICA** is the proper party defendant in this cause of action pursuant to the Federal Tort Claims Act ("FTCA").  *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988).

**PLAINTIFF'S ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT**          2

**II.**

**JURISDICTION & VENUE**

7.      The claims herein are brought against Defendant **THE UNITED STATES OF AMERICA** pursuant to the Federal Tort Claims Act, 28 U.S.C § 2671 *et seq.* and 28 U.S.C § 1346(b) for monetary damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts and/or omissions of employee(s) of **THE UNITED STATES OF AMERICA** while acting within the course and scope of his offices and employment, under circumstances where the United States, if a private person would be liable to the Plaintiff in accordance with the laws of the State of Texas.   **RYAN SHINGLER** (Texas Driver License No. 0035844345), was the operator of the motor vehicle involved in the subject accident that occurred on or about January 18, 2020, and was acting in the course and scope of his employment and in his official capacity or under color of the office or legal authority for Defendant **THE UNITED STATES OF AMERICA** at the time of the incident made the basis of this complaint.

8.      Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2) in that all, or a substantial part, of the acts and omissions forming the basis of the suit occurred in Bexar County, Texas, which is within the Western District of Texas – San Antonio Division.

**III.**

**CONDITIONS PRECEDENT**

9.      Plaintiff asserts that all conditions precedent to the bringing of the cause of action have been performed or have occurred prior to the filing of the cause of action at bar.  Plaintiff has fully complied with all conditions precedent and with the provisions of 28 U.S.C. § 2675 of the Federal

**PLAINTIFF'S ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT**                3

Tort Claims Act.  Alternatively, to the extent any conditions have not been met, failure to meet said conditions, if any, has not prejudiced the Defendants.

10.     The suit has been timely filed, in that Plaintiff timely served notice of her claims on the appropriate federal agency, the **UNITED STATES POSTAL SERVICE**, on or about July 13, 2020 (Exhibit "**A**").  Plaintiff's claim packet was sent to the **UNITED STATES POSTAL SERVICE** on July 13, 2020, in which Plaintiff presented her claims to the **UNITED STATES POSTAL SERVICE** for the purposes of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 & 28 U.S.C. §§ 2671-2680.

11.     Defendant acknowledged receipt of and actual notice of Plaintiff's claims in writing, on or about September 29, 2020 (Exhibit "**B**") and on or about November 9, 2021 (Exhibit "**C**").

12.     More than six (6) months have elapsed since Defendant's actual notice of Plaintiff's claims. Plaintiff has fully exhausted her administrative remedies as required by the FTCA prior to filing this suit.

13.     The appropriate federal agency, the **UNITED STATES POSTAL SERVICE**, failed to make a final disposition of Plaintiff's claims within six (6) months after Plaintiff's claims were presented, and such failure is deemed by Plaintiff to be a final denial pursuant to 28 U.S.C. § 2675.


## IV.

## FACTUAL ALLEGATIONS

14.     On or about January 18, 2020, a motor vehicle, a 2015 Ford Explorer with vehicle License Plate Number LHS7722, being driven by **RYAN SHINGLER**, and owned by **TIMOTHY HOWARD SHINGLER**, acting within the course and scope of his employment and in his official capacity or under color of office or legal authority for Defendant **THE UNITED STATES  OF**

**PLAINTIFF'S ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT**          **4**

**AMERICA**, and operated in the course and scope of his employment with **THE UNITED STATES POSTAL SERVICE**, was being operated in a negligent and grossly negligent manner when he, inter alia, failed to drive within a single lane, made a lane change when it was unsafe to do so, and demonstrated driver inattention at the 1202 block of Evans Road in San Antonio, Bexar County, Texas.  As Plaintiff was lawfully and safely traveling in her left lane at the 1202 block of Evans Road, Plaintiff was suddenly, violently, and without warning, struck on the passenger side of her vehicle by Defendant's vehicle which was being driven by **RYAN SHINGLER**, owned by **TIMOTHY HOWARD SHINGLER**, acting within the course and scope of his employment and in his official capacity or under color of office or legal authority for Defendant **THE UNITED STATES  OF AMERICA**, and operated in the course and scope of his employment with **THE UNITED STATES POSTAL SERVICE**.

15.     Motor vehicle operator **RYAN SHINGLER** failed to use ordinary care by various acts and omissions, including, but not limited to, failing to drive within a single lane, making a lane change when it was unsafe to do so, demonstrating driver inattention, failing to maintain a proper lookout, failing to properly and timely apply his brakes, failing to keep an assured clear distance, operating his vehicle while distracted, and operating his vehicle at an unsafe speed under the circumstances, and other acts and omissions, each and all of which were negligence, negligence per se, gross negligence, and a proximate cause of injuries and damages to Plaintiff.

16.     The impact from Defendants' vehicle was of such force that it caused significant property damage to Plaintiff's vehicle.  As a direct and proximate result of this incident, Plaintiff sustained serious bodily injuries and damages, including to her head, neck, back, and shoulders.  It was necessary for Plaintiff to seek immediate medical treatment as a result of her bodily injuries.

**PLAINTIFF'S ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT**              5

## V.

## CAUSES OF ACTION AGAINST DEFENDANT

### A.  NEGLIGENCE

17.     The occurrence made the basis of the suit, reflected in the above paragraphs, and the resulting injuries and damages of Plaintiff were proximately caused by the negligent conduct of Defendants, who operated their motor vehicle in a negligent manner by violating the duties to which they owed the Plaintiff to exercise ordinary care in the operation of their motor vehicle, in one or more of the following respects:

    a.      In failing to maintain a proper lookout while operating a motor vehicle, as would have been done by a reasonably prudent person exercising a degree of prudence under the same or similar circumstances;

    b.      In failing to timely and properly apply the brakes to the vehicle that they were operating, as would have been done by a reasonably prudent person exercising a degree of prudence under the same or similar circumstances;

    c.      In operating their vehicle at a rate of speed that was greater than an ordinary prudent person would have driven under similar circumstances;

    d.      In failing to blow their horn warning of imminent danger;

    e.      In failing to maintain an assured, clear distance to avoid striking the vehicle to the left of them;

    f.      In driving a motor vehicle in willful or wanton disregard for the safety of other persons on the roadway;

    g.      In failing to turn the vehicle that they were operating in another direction to avoid an impending collision, as would have a reasonably prudent person exercising a degree of prudence under the same or similar circumstances;

    h.      In failing to keep the vehicle that they were operating under proper control, as would have been done by a reasonably prudent person exercising a degree of prudence under the same or similar circumstances;

    i.      In demonstrating driver inattention;

**PLAINTIFF'S ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT**          6

j.      In failing to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein;

k.      In failing to comply with the duty to operate a motor vehicle in accordance with the conditions at the time;

l.      In failing to take proper evasive actions to avoid the crash complained of;

m.      In failing to maintain an adequate distance from the other vehicles on the roadway in order to avoid the collision;

n.      In failing to drive within a single lane;

o.      In making a lane change when it was unsafe to do so; and,

p.      Such other and further acts of negligence as may be shown at trial.

18.     At the time and on the occasion in question, **RYAN SHINGLER**, acting in the course and scope of his employment and in his official capacities or under color of office or legal authority for Defendant **THE UNITED STATES OF AMERICA**, failed to act as a reasonable prudent person or driver would or should under the same or similar circumstances, and which was the proximate cause of the collision and Plaintiff's injuries.

### B.     NEGLIGENCE PER SE

19.     Further, **RYAN SHINGLER**, acting in the course and scope of his employment and in his official capacity or under color of office or legal authority for Defendant **THE UNITED STATES OF AMERICA** failed to exercise the mandatory standard of care in violation of V.T.C.A. TRANSPORTATION CODE, § 545.351. and § 545.062 pursuant to the Negligence Per Se Doctrine which mandates that:

**§ 545.351 Maximum Speed Requirement**

(a) An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.

**PLAINTIFF'S ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT**                    7

(b) An operator:
    (1) May not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and,
    (2) Shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.

(c) An operator shall, consistent with Subsections (a) and (b), drive at an appropriate reduced speed if:
    (1) The operator is approaching and crossing an intersection or railroad grade crossing;

**§ 545.062 Following Distance**

(a) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

## VI.

## <u>DAMAGES</u>

20.    As a direct and proximate result of the collision and the negligent conduct of **RYAN SHINGLER**, acting in the course and scope of his employment and in his official capacities or under color of office or legal authority for Defendant **THE UNITED STATES OF AMERICA**, Plaintiff **LAURA VARGAS** suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the collision.  Plaintiff's injuries are permanent in nature.  Plaintiff's injuries have had an effect on the Plaintiff's health and well-being. As a further result of the nature and consequences of her injuries, Plaintiff has suffered and will continue to suffer into the future, physical pain, physical impairment, and mental anguish.

**PLAINTIFF'S ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT**    8

21.     As a further result of all of the above, Plaintiff has incurred expenses for her medical care and attention in the past, and may incur medical expenses in the future to treat her injuries.

22.     Plaintiff has also suffered losses and damages to her personal property, including but not limited to damage to her motor vehicle.

23.      By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court for which she now sues.

24.     Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers.  Plaintiff seeks monetary relief of **ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)**, and a demand for judgment for all the relief to which Plaintiff is justly entitled at the time of filing the suit, which, with the passage of time, may change.

## VII.

## COSTS AND INTEREST

25.     It was necessary for Plaintiff to expend monies as the costs of court requisite to prosecute the cause of action.  Therefore, Plaintiff further requests both pre-judgment and post-judgment interest on all of her damages as allowed by law.

## VIII.

## DEMAND FOR JURY TRIAL

26.     Plaintiff asserts her rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

**PLAINTIFF'S ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT**                    9

# IX.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendant be cited to appear and answer, and on final jury trial hereafter, the Plaintiff has judgment against the Defendant in an amount within the jurisdictional limits of The Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Lost wages in the past;
12. Loss of future wage earning capacity;
13. Property damage;
14. Loss of use;
15. Pre-judgment interest;
16. Post-judgment interest; and
17. Exemplary damages;

Respectfully Submitted,


**THE LAW OFFICES OF THOMAS J. HENRY**
5711 University Heights Blvd., Suite 101
San Antonio, Texas 78249
Tel. (210) 656-1000
Fax. (361)985-0601



By: _____
**STEVEN G. MARQUEZ**
State Bar No. 24043801
Email: smarquez-svc@thomasjhenrylaw.com *

**ATTORNEYS FOR PLAINTIFF**
**LAURA VARGAS**

* service to email address only

**PLAINTIFF'S ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT**            11

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 15, 2021, I electronically filed this document with the Clerk of

Court using the CM/ECF system and served the following counsel:

Matthew Mueller
Assistant United States Attorney
Kristin Bloodworth
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Email: matthew.mueller@usdoj.gov
Email: kristin.bloodworth@usdoj.gov



**STEVEN G. MARQUEZ**

**PLAINTIFF'S ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT**        12

EXHIBIT "A"

# T H O M A S J H E N R Y

## I N J U R Y   A T T O R N E Y S

A TRIAL FIRM OF MORE THAN 200 ATTORNEYS

REPRESENTING VICTIMS NATIONWIDE FOR MORE THAN 25 YEARS

July 13, 2020

**<u>VIA CMRR:</u>**
**REGULAR U.S. MAIL**
Tort Claims
Attn: Tort Claims
1 Post Office Drive
San Antonio, Texas, 78284

RE:     Our Client:  Laura Vargas
           Date of Incident: 01/18/2020

Dear Sir/Madam:

Please accept this letter as formal notice to **United States Postal Services** regarding to the claim of **Laura Vargas**, who is represented by this firm, in connection with an incident that occurred on 01/18/2020.

This is a claim for injuries and damages that were sustained by my client as a result of the incident that occurred on **01/18/2020**.

At the time of the incident, **United States Postal Services** was a governmental unit whose employee was performing a government function for which sovereign immunity was waived under FTCA, 28 U.S.C. §§ 2671-2680 Federal Tort Claims Act.  **United States Postal Services** and its employee, while acting within the course and scope of employment, was negligent.  The negligence proximately caused my client's injuries.  The Defendant would, if a private person, be liable to my client under Texas law for the personal injuries she suffered as a result of the negligent acts or omissions by **United States Postal Services** and it employee.

As these matters develop, I will provide you with the documentation that you need in order to substantiate the claims made herein.  Should you need any additional information from my client or have any other inquiries regarding this matter, please direct the same to my attention and I will get back to you as soon as practical.  Additionally, please forward this letter of notice onto your insurance carrier upon its receipt.

Should you have any additional questions or concerns please do not hesitate to contact me.

Very truly yours,
**THOMAS J.  HENRY LAW, PLLC**

Steven G. Marquez

LAW DEPARTMENT
NATIONAL TORT CENTER


UNITED STATES
POSTAL SERVICE

September 29, 2020

Mr. Steven Marquez
Thomas J. Henry Law, PLLC
4715 Fredericksburg Road, Suite 507
San Antonio, TX 78229

Re:   Your Client:        Laura Vargas
      Date of Incident:   January 18, 2020
      NTC File No.:       NT202053705

Dear Mr. Marquez:

Please be advised that the administrative claim filed on behalf of Laura Vargas with the United States Postal Service on July 20, 2020 has been assigned to my office for adjudication.

I am currently in the process of reviewing this claim in order to make the determination as to any legal liability on the part of the Postal Service for the injuries sustained by your client.  This claim will be adjudicated as soon as possible, but be aware that the Postal Service has six months from July 20, 2020 in which to adjudicate this claim.  Should you have any additional information you wish to submit that would be helpful in the review of this matter, please forward same to my attention at the National Tort Center, United States Postal Service, 1720 Market Street, Room 2400, St. Louis, Missouri 63155-9948.

Sincerely,

Brittany Lindsay

Brittany Lindsay
Tort Claim Adjudicator

/tw

cc:    Carol Aune
       Tort Claim Coordinator
       File No. 780-20-00485092A

1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO 63155-9948
TEL: 314/345-5843
FAX: 314/345-5893

LAW DEPARTMENT
NATIONAL TORT CENTER


**UNITED STATES**
**POSTAL SERVICE**

November 9, 2021

Mr. Steven Marquez
Thomas J. Henry Law, PLLC
4715 Fredericksburg Road, Suite 507
San Antonio, TX 78229

Re:   Your Client:      Laura Vargas
      Date of Incident:  January 18, 2020
      NTC File No.:      NT202053705

Dear Mr. Marquez:

As you know, the administrative claim filed on behalf of Laura Vargas has been
assigned to my office for adjudication.

I have reviewed the medical documentation submitted on behalf of Ms. Vargas and
the last date of treatment that we have on file for her is August 14, 2020. At that
time, she was referred to an orthopedist for a consultation for her neck and lower
back pain. I would like to know if Ms. Vargas has had any further treatment after
August of 2020 and if she has, to obtain copies of same.

In addition to updated medical records and medical bills, I would also like to obtain a
copy of any liens and/or payment ledgers for any payments made by BlueCross
BlueShield of Texas (Event ID 16176379) on behalf of Ms. Vargas for the injuries
allegedly sustained as the result of the above-referenced accident.

Kindly forward the requested evidence to my attention at the National Tort Center,
United States Postal Service, 1720 Market Street, Room 2400, St. Louis, Missouri
63155-9948 at your earliest convenience.

Sincerely,

Brittany Lindsay
Tort Claims Examiner/Adjudicator
Tel: 314/345-5843

1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO  63155-9948
TEL:  314/345-5820
FAX:  314/345-5893